1  ROBERTA STEELE, SBN 188198 (CA)
2  MARCIA L. MITCHELL, SBN 18122 (WA)
   RAYMOND T. CHEUNG, SBN 176086 (CA)
3  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
   450 Golden Gate Ave., 5th Floor West
4  P.O. Box 36025
   San Francisco, CA  94102
5  Telephone No. (415) 522-3157
   Fax No. (415) 522-3425
6  raymond.cheung@eeoc.gov

7  *Attorneys for Plaintiff EEOC*

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  U.S. EQUAL EMPLOYMENT OPPORTUNITY        | Case No.:
    COMMISSION,

13                                           | **COMPLAINT**
                   Plaintiff,

14                                           | **CIVIL RIGHTS – EMPLOYMENT**
           vs.                               | **DISCRIMINATION**

15                                           | **JURY TRIAL DEMAND**
16  AIR SYSTEMS, INC.,

17                 Defendant.

18

19                    **NATURE OF THE ACTION**

20        The United States Equal Employment Opportunity Commission (EEOC) brings this action

21  under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of

22  1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief

23  to Charging Parties Moses Brown, Kelly Glymph and other similarly situated current and/or former

24  employees, including Lewis Davis, who were also adversely affected by such practices.  As alleged

25  with greater particularity in the Statement of Claims below, Defendant Air Systems, Inc. (ASI)

26  engaged in unlawful discrimination by:

27        a)     subjecting Moses Brown, Kelly Glymph and Lewis Davis to racial harassment in

28               violation of Title VII; and

b)     subjecting a class of similarly-situated African-American current and/or former employees to racial harassment in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the city of Cupertino, in Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

3.     This action is appropriate for assignment to the San Jose Division of this Court because the unlawful employment practices alleged were committed within Santa Clara County, which is within the jurisdiction of the San Jose Division.

## PARTIES

4.     Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant ASI has continuously been a California corporation doing business in the State of California and Santa Clara County, and has continuously had at least 15 employees.

6.     At all relevant times, Defendant ASI has continuously been an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§  2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Moses Brown and Kelly Glymph filed timely charges with the EEOC alleging violations of Title VII by Defendant.

8.     On June 18, 2019, the EEOC issued to Defendant Letters of Determination for Moses Brown's and Kelly Glymph's charges finding reasonable cause to believe that ASI violated Title

VII.  The Letters of Determination also invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Determination and to provide appropriate relief.

9.     On July 2, 2019, the EEOC convened an in-person conciliation conference with Defendant's authorized representative and counsel.  During this conference, the parties engaged in conciliation negotiations.

10.     The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11.     In a letter dated July 3, 2019, the EEOC notified Defendant that the EEOC had determined that efforts to conciliate the charges were unsuccessful and that further negotiations would be futile or non-productive.  The letter also informed Defendant that the EEOC would not make any further efforts to conciliate the charges.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     Defendant ASI is a private employer that provides heating, ventilation, and air conditioning (HVAC) installation, architectural sheet metal and custom metal roofing, preventive maintenance and service, commercial electrical services, mechanical design, industrial piping systems, plumbing, and building automation systems (BAS) installation.  During the relevant period, Defendant served as a subcontractor for the construction of Apple, Inc.'s new headquarters, known as Apple Park, in Cupertino, California.

14.     Charging Parties Moses Brown and Kelly Glymph, and similarly situated current and/or former African-American employees, including but not limited to Lewis Davis (Aggrieved Employees), all worked for Defendant at the Apple Park construction project.

15.     Charging Party Moses Brown is African-American.  Brown began working for Defendant as an Inside Wireman Apprentice on or about June 30, 2016, at the Apple Park Cupertino construction site.  He worked for ASI at this site until August 10, 2017.

16.     Charging Party Kelly Glymph is African-American.  Glymph began working for ASI as an Electrician Trainee at the Apple Park construction project on or about February 15, 2017.  ASI

1    laid off Glymph on April 10, 2017.  On June 27, 2017, Glymph's union reassigned him to ASI and

2    ASI rehired Glymph to work at the Apple Park project, where he was employed until September 22,

3    2017.

4        17.    Claimant Lewis Davis is African-American.  He was hired by ASI as an Electrician in

5    early 2017 and worked about 6-8 months at the Apple Park project.

6                            **Race Harassment Claims**

7        18.    Beginning in at least June 2016 and continuing through at least September 2017,

8    Defendant assigned the Aggrieved Employees to work at the Cupertino construction site of Apple

9    Park where they were continuously subjected to racial harassment on the basis of their race (African-

10   American).

11       19.    Beginning in at least June 2016 and continuing through at least August 2017,

12   Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII,

13   42 U.S.C. §2000e-2(a)(1).  Defendant's unlawful practice, which occurred on a regular basis,

14   included subjecting the Aggrieved Employees to unwelcome, severe or pervasive conduct based on

15   their race (African-American) which created an offensive, abusive, intimidating, and hostile work

16   environment.

17                            **Racist Graffiti**

18       20.    Beginning in at least June 2016 and continuing through at least September 2017, the

19   portable toilets located at the Apple Park jobsite in the vicinity of ASI workers were filled with racist

20   comments and pictures, such as "nigger" and drawings of nooses and swastikas.  The graffiti was

21   present on a daily basis.  All ASI employees, including its managers, used the portable toilets.  ASI

22   management admitted that it saw offensive graffiti but did not take action to remove it.

23       21.    Despite having actual and constructive notice of the graffiti described herein,

24   Defendant failed and refused to take prompt and appropriate action to halt the harassment and the

25   resulting hostile work environment.  The hostile work environment persisted until the Aggrieved

26   Employees were laid off in or about September 2017.

27       22.    Upon starting their employment with ASI at the Apple Park project, the Aggrieved

28   Employees were immediately subjected to a racially hostile work environment in the form of the

offensive racist graffiti scrawled on the portable toilet walls, as described in paragraph 20, above.

23.     The racist graffiti were scrawled on the portable toilet walls throughout the period of the Aggrieved Employees' respective period of employment with ASI, which ended in or about September 201**7.**

### Coworker's Racist Taunting

24.     On April 7, 2017, a Caucasian coworker interrupted Brown and Glymph's conversation and asked whether they had just said "nigger." They denied it and told him not to use the word. However, the coworker began taunting them by repeatedly uttering the word "nigger" in their presence. At one point, the Caucasian coworker proclaimed to Glymph, "this boy [Brown] just said nigger."

25.     Glymph found the epithet to be racially harassing and reported the harassment to two ASI General Foremen.

26.     On April 10, 2017, this Caucasian coworker again used the word "nigger" in front of Brown and Glymph. When Brown complained to ASI General Foremen, one General Foreman responded, "it's just a word, does it really bother you?" Brown answered in the affirmative; clearly conveying that he was offended by his coworker's repeated use of the epithet.

27.     Later that day, Brown confronted the Caucasian coworker to convey that he was offended by his language. Glymph was present during this interaction. The coworker asked Brown if he was referring to the word "nigger." After Brown responded yes, the coworker repeated the racial epithet several times.

28.     Glymph again reported the racist taunt to a General Foreman who dismissed Glymph by saying that he could not picture the coworker as a racist.

29.     Later that day, that General Foreman terminated Glymph's employment, allegedly due to a reduction in force.

30.     When ASI failed to respond to his complaint of racial harassment, Brown confided in coworker Lewis Davis that ASI had done nothing about the Caucasian coworker's use of the "n" word.

31.     Subsequently Davis complained to a General Foreman again about the use of the "n"

1   word and asked him to address Brown's complaint, but the General Foreman failed to do so.

2       32.     When ASI took no remedial measures, Davis again approached the same General

3   Foreman about a week later and again asked him to address Brown's complaint. Still no action was

4   taken.

5              **Graffiti Threat of Lynching and the Hanging of a Noose**

6       33.     On July 10, 2017, Glymph discovered a racist threat written on a sprinkler pipe which

7   read "Fuck all Niggers They shall be hung like the niggers they are." Nearby, a rope had been tied

8   into a noose.

9       34.     The threat and noose caused Glymph to be afraid for his and the other Aggrieved

10  Employees' safety, and distrustful of his coworkers.

11      35.     Brown and Davis also saw the threat of lynching and the associated noose. They

12  were both offended and frightened by the racist threat of violence.

13      36.     The effect of the practices complained of in paragraphs 18 through 35 above has been

14  to deprive the Aggrieved Employees of equal employment opportunities and otherwise adversely

15  affect their status as employees because of their race.

16      37.     The unlawful employment practice complained of in paragraphs 18 through 35 were

17  done with malice or in reckless indifference to the federally protected rights of the Aggrieved

18  Employees.

19              **PRAYER FOR RELIEF**

20          Wherefore, the Commission respectfully requests that this Court:

21      A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

22  employees, attorneys, successors, and all persons in active concert or participation with them, from

23  creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and

24  hostile work environment on the basis of race and engaging in any other employment practice that

25  discriminates on the basis of race.

26      B.      Order Defendant to institute and carry out policies, practices, and programs which

27  provide equal employment opportunities for African Americans, and which eradicate the effects of

28  its past and present unlawful employment practices.

1          C.      Order Defendant to make whole the Aggrieved Employees by providing

2    compensation for past and future pecuniary losses resulting from the unlawful employment practices

3    described in paragraphs 18 through 35 above, including job search expenses and medical expenses,

4    in amounts to be determined at trial.

5          D.      Order Defendant to make whole the Aggrieved Employees by providing

6    compensation for past and future nonpecuniary losses resulting from the unlawful practices

7    complained of in paragraphs 18 through 35 above, including inconvenience, pain and suffering, loss

8    of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

9          E.      Order Defendant to pay the Aggrieved Employees punitive damages for its malicious

10   and reckless conduct, as described above, in amounts to be determined at trial.

11         F.      Grant such further relief as the Court deems necessary and proper in the public

12   interest.

13         G.      Award the Commission its costs of this action.

14

15

16

17

18

19

20

21

22

23

24

25

26   / / /

27   / / /

28   / / /

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

7

U.S. Equal Employment Opportunity Commission
450 Golden Gate Avenue, 5th Floor W., POB 36025
San Francisco, CA 94102

1

## <u>JURY TRIAL DEMAND</u>

2        Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

3

4    Respectfully submitted,

5

6    BY: */s/ Roberta L. Steele*           SHARON FAST GUSTAFSON
         Roberta L. Steele                 General Counsel
7        Regional Attorney
                                           JAMES L. LEE
8    BY: */s/ Marcia L. Mitchell*          Deputy General Counsel
         Marcia L. Mitchell
9        Supervisory Trial Attorney        GWENDOLYN Y. REAMS
                                           Associate General Counsel
10
     BY: */s/ Raymond T. Cheung*
11       Raymond T. Cheung                 Office of the General Counsel
         Senior Trial Attorney             131 "M" Street NE
12                                         Washington, D.C. 20507
     U.S. EQUAL EMPLOYMENT
13   OPPORTUNITY COMMISSION
     San Francisco District Office
14   450 Golden Gate Ave., 5th Floor West
     P.O. Box 36025
15   San Francisco, CA  94102
     Telephone No. (415) 522-3157
16   Fax No. (415) 522-3425
     raymond.cheung@eeoc.gov
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

U.S. Equal Employment Opportunity Commission
450 Golden Gate Avenue, 5th Floor W., POB 36025
San Francisco, CA 94102