ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3157
Fax No. (415) 522-3425
raymond.cheung@eeoc.gov

*Attorneys for Plaintiff EEOC*


JOSHUA KIENITZ, Bar No. 244903
JKienitz@littler.com
ELISA NADEAU, Bar No. 199000
ENadeau@littler.com
ELIZABETH STONHAUS, Bar No. 286615
EStonhaus@littler.com
LITTLER MENDELSON. P.C.
50 West San Fernando Street, 7th Floor
San Jose, CA 95113
Telephone: 408.998.4150
Facsimile: 408.288.5686

*Attorneys for Defendant*
*AIR SYSTEMS, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AIR SYSTEMS, INC.,<br>                    Defendant. | Case No.:  5:19-cv-07574-LHK-NC<br><br>**CONSENT DECREE** |

/ / /

/ / /

## I. INTRODUCTION

1. Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) to correct alleged unlawful employment practices on the basis of race, and to provide appropriate relief to Kelly Glymph and Moses Brown ("Charging Parties") and Lewis Davis, Carlton Ford, Kerry Bettis, Tonray Hilliard, Keith Jefferson and Garry Williams ("Claimants"). The EEOC filed suit against Defendant Air Systems, Inc. (ASI), and alleged that ASI engaged in unlawful discrimination in violation of Title VII by subjecting Glymph, Brown, and similarly situated African-American employees to a hostile work environment on the basis of their race. ASI has denied the EEOC's claims in their entirety.

2. In the interest of resolving this matter, the EEOC and ASI (collectively, the Parties) have agreed that this lawsuit should be finally resolved by entry of this Consent Decree and without further contested litigation or any admission of liability. This Consent Decree shall not constitute an adjudication or finding on the merits of the disputed claims.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

3. This Consent Decree (Decree) shall be binding on and enforceable against Defendant ASI, its management (including all officers, managerial and supervisory employees), agents, successors and assigns.

4. The Parties have entered into this Decree in order to:
   a. provide appropriate monetary and injunctive relief;
   b. ensure that ASI's employment practices comply with Title VII;
   c. ensure a work environment at ASI free from discrimination and harassment;
   d. ensure training for ASI's employees, including officers, managers, superintendents, general foremen, supervisors, and human resources employees with respect to their obligations and rights under Title VII; and,
   e. ensure that ASI's policies and procedures shall be conducted in a manner that does not discriminate against individuals on the basis of race.

### III. SCOPE OF RESOLUTION

5. This Decree completely and finally resolves all claims alleged in the EEOC's Complaint [ECF 1] arising out of or contained in EEOC's Charge Nos. 556-2018-00003 and 556-2018-00006 filed in the United States District Court, Northern District of California on, in the action captioned *U.S. Equal Employment Opportunity Commission vs. Air Systems, Inc.* Case No.5:19-cv-07574-LHK (hereinafter Action).

6. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that ASI fails to comply with the applicable terms of the Decree.

7. Nothing in this Decree shall be construed to limit or reduce ASI's obligation to comply fully with Title VII or any other federal employment statute.

8. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later arise against ASI, in accordance with standard EEOC procedures.

### IV. JURISDICTION

9. The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person.

10. The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

### V. EFFECTIVE DATE AND DURATION OF DECREE

11. The provisions and agreements contained herein are effective immediately on the date that the [Proposed] Order Entering Consent Decree is entered by the Court (Effective Date).

12. The Decree shall remain in effect until December 31, 2022, and will then expire on its own terms.

## VI. MONETARY RELIEF

13. In settlement of all claims that were pleaded in the Action, ASI shall pay the aggregate amount of $1,250,000 (One million, two hundred and fifty thousand dollars) ("Settlement Sum") to the Charging Parties and the six other African American Claimants no later than fourteen (14) business days after the Effective Date. Within seven (7) days of the Effective Date, the Commission shall provide ASI with an accounting of the specific amounts to be paid to each Charging Party and Claimant along with the address where each payment shall be mailed. The checks, which are for non-wage damages, will be made payable directly to each Charging Party and Claimant. Defendant will issue an IRS form 1099 to each Charging Party and Claimant for the payment of these non-wage damages. ASI shall simultaneously email copies of the checks made payable to the Charging Parties and Claimants, and tracking information for the delivery of the checks, to the EEOC's counsel of record at EEOC-SFDO_COMPLIANCE@eeoc.gov on the same day that it mails the checks to Kelly Glymph, Moses Brown, Lewis Davis, Carlton Ford, Kerry Bettis, Tonray Hilliard, Keith Jefferson and Garry Williams.

14. ASI will not condition the receipt of monetary relief on Charging Parties' or Claimants' agreements to: (a) maintain as confidential the facts and/or allegations underlying their charges of discrimination and the Complaint or the terms of this Consent Decree; (b) waive their statutory right to file a charge with any government agency; or (c) not reapply for employment.

## VII. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

15. Upon entry of this Decree, ASI and its officers, agents, employees, and successors and assigns are enjoined from discriminating against or subjecting any employee to a hostile work environment based on race as prohibited by Title VII.

16. During the duration of the Decree, ASI will provide prior written notice to any potential purchaser of ASI's businesses, or a purchaser or transferee of all or a substantial portion of ASI's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the Complaint, and the existence and contents of this Consent Decree.

///

## VIII. SPECIFIC INJUNCTIVE RELIEF

### A. Equal Employment Opportunity Consultant

17. Within ninety (90) days after the Effective Date, ASI shall retain an Equal Employment Opportunity Consultant (Consultant) to monitor ASI's compliance with Title VII and this Decree. The Consultant shall have demonstrated experience in the area of employment discrimination, harassment and/or hostile work environment issues and investigations and be familiar with the construction industry. For the duration of the Decree, the Consultant's responsibilities shall include:

a. Assisting ASI in reviewing and modifying existing policies and procedures prohibiting discrimination, harassment and hostile work environment, as well as complaint procedures for addressing discrimination, harassment and hostile work environment, to ensure that ASI fully complies with Title VII and all requirements set forth in this Decree.

b. Ensuring that all ASI officers and employees, including managers, supervisory, and human resources employees, including but not limited to superintendents and general foremen, are trained on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of a hostile work environment and discrimination.

c. Investigating, monitoring and tracking all investigations of ASI employee complaints of harassment, hostile work environment or discrimination based on classes protected by Title VII, and their resolution to ensure compliance with Title VII and this Decree.

d. Reviewing and modifying existing policy or practice regarding appropriate and proportionate disciplinary measures where an investigation substantiates violations of ASI's policies.

e. Developing a policy and procedure for ASI to facilitate discussions with potential subcontractors and general contractors with whom ASI is contracting, regarding how to best monitor, investigate, remedy, and eliminate harassment, hostile work environment or discrimination at a worksite, how to best provide adequate security (through security personnel,

placement of security cameras in common areas and/or contacting local law enforcement), and how to best inform employees that race harassment and related retaliation will not be tolerated and could lead to discipline.  This duty of the Consultant will include developing proposals to incorporate into contracts under negotiation of express provisions on these topics.

    f. Developing policies and procedures for ASI to facilitate discussions with potential subcontractors and general contractors regarding monitoring worksites to guard against proliferation of racist graffiti, including regular inspections of restrooms.

    g. Developing procedures for preserving and documenting evidence of harassment, including graffiti.

    h. Developing policies and procedures for ASI to facilitate discussions with unions to address discrimination, harassment, hostile work environment and retaliation.

    i. Ensuring that ASI complies with all deadlines and timely submits all reports required by this Decree.

  18. Within thirty (30) days after the Effective Date, ASI shall identify its proposed Consultant and submit the Consultant's name and resume or C.V. to the EEOC.  The EEOC will raise any objections to the proposed Consultant within fifteen (15) days of identification.

  19. If at any point during the Decree, the Consultant is no longer able to perform the aforementioned duties, ASI shall identify its proposed replacement Consultant and submit the replacement Consultant's name and resume or C.V. to the EEOC within thirty (30) days of determining that the Consultant can no longer perform its duties.  The EEOC will raise any objections to the proposed Consultant within fifteen (15) days of identification.

  **B.** **Policy and Procedure Concerning Discrimination, Harassment, and Retaliation**

  20. Within one hundred and twenty (120) days of the Effective Date, ASI shall review and modify existing written policies and internal procedures prohibiting discrimination, harassment, a hostile work environment and/or retaliation prohibited under Title VII, and for receiving and investigating such complaints.

21. The policies shall include:

    a. a clear explanation of prohibited conduct under Title VII, including race-based discrimination, harassment, a hostile work environment and retaliation with examples specific to the construction industry;

    b. a requirement that ASI and its officers, supervisors, managers, and general foremen must actively monitor employees' compliance with the company's policies prohibiting discrimination, harassment, a hostile work environment, and/or retaliation covered by Title VII, and must report any incidents and/or complaints of discrimination, harassment, hostile work environment, including, but not limited to racist or racially-charged graffiti, and/or retaliation that they observe, or of which they become aware to the Consultant;

    c. an internal complaint procedure; and,

    d. a clear explanation that ASI shall hold all employees, including officers, management, supervisory, general foremen, and human resources employees, accountable for engaging in conduct prohibited under Title VII and/or failing to take appropriate proportional action sufficient to address discrimination, harassment, a hostile work environment or retaliation.

22. The internal complaint procedure referenced in Section VIII.B.21 above shall, at a minimum, clearly state that:

    a. An employee who believes that he or she has suffered discrimination, harassment, a hostile work environment or retaliation may initiate an internal complaint by notifying ASI and its officers, a manager, human resources personnel, general foremen, or may file a complaint directly with the Consultant or an external complaint to an attorney or agency, such as the Department of Fair Employment and Housing, the U.S. Equal Employment Opportunity Commission, or both.

    b. Employees may initiate an internal complaint verbally or in writing to ASI or its officers, manager, general foremen and human resources personnel, or the Consultant, and that no special form is required. Upon receipt of a complaint regarding discrimination, harassment, retaliation, or hostile work environment based on classes covered by Title VII, an ASI or its officers,

manager, general foreman or human resources personnel shall memorialize the complaint in writing and immediately notify the Consultant about the complaint.

      c.     Within ten (10) days of receiving a complaint regarding discrimination, harassment, retaliation, or hostile work environment based on classes covered by Title VII, the Consultant will promptly commence an investigation, and will complete the investigation within thirty (30) days unless completion of the complaint within thirty (30) days would negatively impair the effectiveness of the investigation.

      d.     If the complaint involves racist or racially charged graffiti, Consultant shall gather and maintain evidence of racist or racially-charged graffiti, unless prohibited from doing so. This includes but is not limited to obtaining surveillance and/or security footage of the area, photographing the graffiti and documenting the location(s) where graffiti was found.  If ASI lacks direct control over the evidence, ASI shall immediately issue a preservation notice to the general contractor or other person with control over the job site.

      e.     ASI will communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken if a complaint regarding discrimination, harassment, retaliation, or hostile work environment against classes covered by Title VII is substantiated within five (5) days of completing its investigation.

      f.     ASI will not tolerate retaliation against any employee for complaining about discrimination, harassment, retaliation, or hostile work environment he or she believes is prohibited by Title VII, assisting, or participating in the internal complaint procedure or any external complaint procedure in good faith.

      g.     ASI or the Consultant will memorialize verbal complaints regarding discrimination, harassment, retaliation, or hostile work environment based on classes covered by Title VII, and maintain written records of all investigatory steps, including interview notes, findings or conclusions of such an investigation and any remedial actions taken.

      h.     The internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available

municipal, state, or federal law.

   i. If an allegation of discrimination, harassment or retaliation prohibited by Title VII against any employee is substantiated, then such conduct will result in appropriate and proportionate discipline, up to and including discharge.

23. ASI shall ensure performance policies and standards that evaluate superintendents, managers, general foremen and human resource personnel on their compliance with EEO policies and procedures, and which expressly hold these employees accountable for maintaining a workplace free of discrimination, harassment and retaliation.  Supervisors, managers, and general foremen will be notified that their violations of the ASI's antidiscrimination policies shall result in appropriate discipline up to and including termination.  In addition, supervisors, managers, and general foremen shall be informed of their obligation to report, prevent and correct any discrimination, harassment or retaliation they observe or become aware of in the workplace.  They shall be warned that a failure to act may also result in disciplinary action up to and including termination.

24. Within one hundred and thirty (130) days of the Effective Date, ASI shall provide the EEOC with a copy of the policies and procedures described in this Section, including the revised internal complaint procedures.  Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures.  No later than one hundred fifty (150) days after the Effective Date, ASI shall disseminate the policies and procedures described in this Section to all employees, including management, supervisory, and human resources employees.

25. ASI shall provide copies of all policies referenced in Section VIII.B to new employees within thirty (30) days of hire.

26. ASI shall submit to the EEOC, for its review and consideration no later than thirty (30) days before adoption, any proposed material modifications to the policies referenced in this Section B.  The EEOC will notify ASI within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.

27. For purposes of this Section, "material modifications" shall refer to any modifications to the substantive provisions referenced in Section VIII.B.20-26 above.

### C. Training

28. All non-supervisory employees shall be required to attend three (3) "live" training programs during the duration of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and virtual. The training must be interactive and allow the trainee to ask questions regarding the training material. Attendees cannot fast forward through the training to ensure that they are participating. Additionally, there will be a live point of contact for the attendees to ask questions after the training. The training program shall be at least one (1) hour in length and shall include:

    a. instruction on equal employment opportunity rights and responsibilities, including but not limited to, Title VII's prohibitions against race discrimination, harassment, a racially hostile work environment and/or retaliation, and ASI's policies and procedures for reporting and handling complaints of discrimination, harassment, hostile work environment and/or retaliation;

    b. instruction and scenarios related to racist graffiti, the Confederate flag and nooses and their historical implications for African Americans, and discussion regarding how such incidents will be addressed and the consequences for employees who have engaged in such behavior;

    c. discussion of issues specific to construction jobsites (e.g., a commitment to address discrimination toward ASI employees, even if perpetrated by non-employees of ASI, i.e., employees of other contractors, subcontractors), and to address harassment or retaliation by ASI employees directed toward non-ASI employees;

    d. a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, harassment, hostile work environment and/or retaliation;

    e. a component of "bystander intervention training," i.e., instruction that will emphasize that a co-worker who observes discrimination, harassment, hostile work environment or retaliation should report it to management and/or to the Consultant; and,

    f. ASI shall ensure that the training is developed and administered by instructors

with expertise in federal anti-discrimination laws, and specifically in laws prohibiting discrimination, harassment, hostile work environment and retaliation. The training of non-supervisory employees must be video-recorded.

29. All supervisory employees, including managers, officers, superintendents, and general foremen shall be required to attend three (3) "live," interactive training programs, as defined in Section VIII.C.29, during the duration of this Decree. The training must be interactive and allow the trainee to ask questions regarding the training material. Attendees cannot fast forward through the training to ensure that they are participating. Additionally, there will be a live point of contact for the attendees to ask questions after the training. The training program will be at least two (2) hours in length and, in addition to the topics listed in Section VIII.C.28 above, shall include training on recognizing discrimination and a hostile work environment; taking preventative and corrective measures against discrimination, harassment, hostile work environment and/or retaliation; the responsibilities of managers under equal employment opportunity laws; properly handling and investigating complaints of discrimination, harassment and/or hostile work environment in accordance with the internal complaint procedure; and how to prevent retaliation. The training of supervisory employees must be video-recorded.

30. Timing of the Trainings: ASI shall conduct the initial training of its non-supervisory and supervisory employees within one hundred fifty (150) days of the Effective Date. ASI shall conduct a second training of its non-supervisory and supervisory employees within three hundred (300) days of the initial training. ASI shall conduct a third training of its non-supervisory and supervisory employees within three hundred sixty-five (365) days of the second training.

31. After conducting the initial training of ASI's supervisory and non-supervisory employees detailed in Section VIII.C.30. above, all newly-hired employees, and those hired into or promoted from a non-supervisory to a managerial or supervisory position, shall receive the harassment training described in Sections VIII.C.28-29 within thirty (30) days of hire or promotion during the duration of the Decree. If no "live" training is scheduled to occur within thirty (30) days of the hire or promotion, the employee may satisfy the training requirement by watching a video

recording of the prior live training.  Employees required to watch the video recording shall be provided an opportunity to submit questions to, and to receive answers from the Consultant regarding the materials covered during the live training.

32.  ASI shall track in writing or electronically all employees required to attend, and who do attend a training program described in Section VIII.C.

33.  Within thirty (30) days after the Effective Date or within thirty (30) days of any changes to the proposed instructors, ASI shall identify to the EEOC all proposed instructors for the training to be provided pursuant to Section VIII.C of this Decree.  The EEOC will raise any objections to the proposed trainers within fifteen (15) days of identification.

34.  Within sixty (60) days after the Effective Date, ASI shall submit to the EEOC a description of all training to be provided pursuant to Sections VIII.C.28-29 of this Decree and the curriculum developed for the trainees.  EEOC may provide comment within fifteen (15) days regarding any proposed revisions to the trainings.

35.  For all subsequent training sessions, ASI shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use.  The EEOC will advise ASI of any objections or comments to proposed training materials within fifteen (15) days.

36.  For purposes of this Section, "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraphs 28-29 of this Section.

**IX.  NOTICE**

37.  Within thirty (30) days after the Effective Date, ASI shall post for the duration of this Decree, in a prominent place frequented by employees at ASI's premises in San Jose and at ASI's trailer on its worksites, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A.  The notice shall be replaced if it is removed or becomes defaced within a reasonable time.  ASI shall certify to the EEOC in writing that the Notice has been posted and the locations of the posting within ten (10) days of posting.

/ / /

## X.   REPORTING

38.   In addition to the notice and reporting requirements above, ASI shall provide the following reports to the EEOC by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov.

    a.   Within one hundred eighty days (180) days after the Effective Date, ASI shall submit to EEOC an initial report containing the following information regarding ASI's actions under this Decree:

        i.   a copy of its discrimination, hostile work environment and retaliation policies required under the terms of this Decree, including the internal complaint and investigation procedures; and,

        ii.   a statement confirming all training required under this Decree has been initiated and/or completed.

    b.   ASI shall also provide semi-annual reports throughout the term of this Decree containing the following information regarding ASI's actions under this Decree. The first report shall be submitted within one hundred eighty (180) days of the Effective Date; subsequent reports shall be submitted every one hundred eighty (180) days throughout the duration of the Decree:

        i.   Complete attendance lists for all training sessions required under this Decree that took place during the previous six months. The list shall include for each individual, their hire date, job title, supervisory status, and the date of their attendance at the training.

        ii.   A report by ASI detailing any race harassment or hostile work environment complaints made to, investigated by, or resolved by ASI or the Consultant in the previous six months. This report shall include, at a minimum: (a) the names and contact information of the complainants and witnesses; (b) the nature of the complaint; (c) the names of the alleged perpetrators of race discrimination or racially hostile work environment; (d) the dates of the alleged race

discrimination or racially hostile work environment; (e) a brief summary of how each complaint was resolved; and (f) the identity of each ASI's employee(s) who assisted the Consultant in investigating or resolving each complaint. Upon request from the EEOC, ASI shall within seven (7) days provide the EEOC copies of the documentation, including investigative records, for any complaints and investigations described in the report.

    iii. ASI shall provide the information mandated in Section X.39.b in one of the following searchable formats: Excel, Access, or ASCII delimited ("csv"). Regardless of the format, the first row shall consist of the field (or variable) names. There must be one column for each field (variable) requested. First and last names must be provided as separate fields (variables).

    iv. A signed certification from ASI's president that ASI has satisfied the posting requirements of Section IX for the preceding one hundred eighty (180) days, and that the posting has not been defaced.

    v. A description of any purchase or transfer of all or a portion of ASI's assets, including the identification of the purchaser or transferee and the date(s) of any transfer or purchase.

## XI. MODIFICATION AND SEVERABILITY

39. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party and approved by the Court.

40. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full

force and effect.

## XII. DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

41. This Action shall be dismissed with prejudice. The Court shall retain jurisdiction over the Action during the duration of this Consent Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

42. This Consent Decree shall expire on December 31, 2022, unless the Court has extended the duration of the Decree pursuant to Section XII.C.

43. If the EEOC has reason to believe that ASI has failed to comply with any provision of this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify ASI, in writing, of the nature of the alleged breach of the Decree. ASI shall have sixty (60) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged material breach. The sixty-day period following written notice shall be used by the Parties in good faith to resolve the issue. If, after sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. If the EEOC petitions the Court and the Court finds ASI to be in substantial violation of the terms of the Decree, the Court may extend the duration of the Consent Decree.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

44. ASI shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

45. Each Party shall bear its own costs of suit and attorneys' fees.

## XV. COUNTERPARTS AND FACSIMILE SIGNATURES

46. This Decree may be signed in counterparts. An electronic or facsimile signature shall

have the same force and effect of an original signature or copy thereof.  All parties, through the undersigned, respectfully apply for and consent to the entry of the [Proposed] Order Entering Consent Decree.

Dated: August 17, 2020

By: */s/ Roberta L. Steele*
    ROBERTA L. STEELE
    Regional Attorney

    MARCIA L. MITCHELL
    Supervisory Trial Attorney

    RAYMOND T. CHEUNG
    Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

*Attorneys for Plaintiff EEOC*

Dated: August 17, 2020

By: */s/ Elisa Nadeau*
    ELISA NADEAU
    JOSHUA KIENTZ
    ELIZABETH STONHAUS
    LITTLER MENDELSON. P.C.

*Attorneys for Defendant Air Systems, Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

    I, Raymond T. Cheung, am the ECF User whose ID and password are being used to file the foregoing document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Roberta Steele and counsel for Defendant concurred in this filing.

Dated:  August 17, 2020

                              By: */s/ Raymond T. Cheung*
                                    RAYMOND T. CHEUNG

# **EXHIBIT A**

## **NOTICE TO EMPLOYEES**

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC) and Air Systems, Inc. (ASI) have resolved a lawsuit by the EEOC involving allegations by former employees that ASI subjected them to a racially hostile work environment.  The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Air Systems, Inc., et al.;* Case No. 5:19-cv-07574-LHK.  The lawsuit was filed at the San Jose Federal Courthouse.  This notice is being posted by order of the Court to settle the lawsuit.

Pursuant to the settlement, ASI has instituted additional policies and procedures to prevent discrimination or a hostile work environment.  ASI will also provide training for all employees, supervisors and managers to make sure there is no unfair treatment in the workplace.

If you have any questions or complaints of harassment, you can follow the complaint process in your handbook, or you can contact the EEOC.  The EEOC is the federal agency that protects employees from racial harassment, retaliation and unfair treatment.  Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website:  www.eeoc.gov
Phone number: (408) 291-7282
TDD: (408) 291-7374
96 North Third Street, Suite 250
San Jose, CA 95112
Email:  info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT**

**MUST NOT BE DEFACED OR OBSCURED**

Dated: _____          _____

                                                                            President Air Systems, Inc.